JOHN C. CINCOTTI and NANCY CINCOTTI, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cincotti v. Commissioner
Docket No. 18974-81.
United States Tax Court
T.C. Memo 1982-657; 1982 Tax Ct. Memo LEXIS 95; 45 T.C.M. (CCH) 89; T.C.M. (RIA) 82657; November 15, 1982. *95 Pamela V. Gibson, for the respondent. RAUM
MEMORANDUM OPINION RAUM, Judge: On July 26, 1982, the respondent moved for summary judgment against petitioners. A hearing was held on that motion at Boston, Massachusetts, on October 18, 1982, after due notice to the parties. Petitioners did not appear at that hearing either in person or by a representative. The respondent had determined a deficiency in income tax against petitioner John C. Cincotti for 1975 in the amount of $2,744.31, together with additions to tax in the amounts of $1,372.15 and $104.12 under sections 6653(b) and 6654, I.R.C. 1954, respectively, and respondent also determined deficiencies in income tax against both petitioners for each of the years 1976, 1977, and 1978, together with additions to tax under section 6653(b) for each year, as follows: Additions to Tax under
Year
Deficiency
Sec. 6653(b), I.R.C. 1954
1976
$7,720.06
$3,860.03
1977
6,721.47
3,360.73
1978
8,918.60
4,459.30
Respondent's answer to the petition filed herein affirmatively alleged numerous facts setting forth the basis for his determination of unreported income and set forth affirmative *96 allegations to establish that underpayments of tax for each year were due to fraud with intent to evade tax. Petitioners failed to file a reply to the affirmative allegations in accordance with Rule 37 of the Rules of this Court, and respondent thereafter filed a motion under Rule 37(c) of the Rules of this Court that the undenied allegations in the answer be deemed admitted. A hearing was held on that motion, and, on January 13, 1982, the Court entered an order pursuant to Rule 37(c) that the undenied affirmative allegations of fact be deemed admitted. As a result of that order, the Court now finds that no genuine issue as to any material facts remains, and that, to the extent that any burden of proof rested upon respondent in respect of fraud or otherwise, that burden has been discharged by the facts deemed admitted. We find as a fact that respondent has thus carried his burden of proof by clear and convincing evidence that there was fraud with intent to evade tax as to each year in issue. The motion for summary judgment will be granted, and Decision will be entered for the respondent.